UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACY L. BALTIMORE,

                            Plaintiff,

                – against –

THE STATE OF NEW YORK, THE DISTRICT
ATTORNEY'S OFFICE OF NEW YORK
COUNTY, JUDGE ELLEN BIBEN, *in her official
and individual capacities*, JUDGE LAURA
TAYLOR SWAIN *in her official and individual
capacities, and* JUDGE LOUIS L. STANTON, *in his
official and individual capacities*,

                            Defendants.

**ORDER**

25 Civ. 5887 (ER)

Ramos, D.J.:

        Tracy Baltimore, appearing *pro se*, filed this action on July 17, 2025, pursuant to

42 U.S.C. § 1983, in seeking in part an emergency ruling for the release of her adult son,

Lamar Davenport, who is incarcerated, and alleging that Defendants engaged in judicial

misconduct in violation of the U.S. Constitution.  Doc. 1.  Ms. Baltimore states that she

has power of attorney for Davenport.  *Id.*  Before the Court are Ms. Baltimore's two

motion for the release of Davenport, her petition for a writ of *habeas corpus* pursuant to

28 U.S.C. § 2254[1], and motions for discovery, sanctions, to appoint counsel, and for case

reassignment.[2]  Docs. 4, 10, 15, 17, 24–27.

        For the reasons set forth below, the two motions for the release are denied, the

---

[1] Ms. Baltimore signed and filed the petition, however the petition identifies Davenport as "Petitioner."
Doc. 10.

[2] There is also a pending motion to dismiss filed by the District Attorney's Office of New York County,
Docs. 21–22, which the Court does not address in this opinion.

*habeas* petition is denied, the motions for discovery are stayed, the motion for sanctions is denied, the motion to appoint counsel is denied without prejudice, and her motion for case reassignment is denied.

I.       **BACKGROUND**

A. **The Underlying Criminal Case[3]**

On May 7, 2018, following a non-jury trial, Judge Biben of the Supreme Court of the State of New York, New York County, rendered a verdict finding Davenport guilty of manslaughter in the first degree. Doc. 4-1 at 2. However, Judge Biben also found Davenport not guilty of manslaughter in the second degree, which is a lesser included offense of first degree manslaughter. *Id.* The verdict was "accepted by the trial court and recorded by the Clerk," and the court set a date for sentencing. *Id.*

On May 14, 2018, seven days after the verdict was rendered and recorded by the trial court, the prosecution asked the court to clarify whether it found that manslaughter in the second degree was not proven or whether it merely did not reach that count in its deliberations since it found Davenport guilty of manslaughter in the first degree. Doc. 4-1 at 2. On May 17, 2018, Davenport's attorneys at the Legal Aid Society opposed the prosecution's request and argued that the verdict may not be clarified, altered, changed, or corrected. *Id.*[4] Subsequently, Davenport's attorneys at the Legal Aid Society were relieved as counsel, and Bryan Konoski was assigned to represent Davenport pursuant to Article 18-B of New York County Law. *Id.* at n.1.

---

[3] The facts about the underlying criminal case are generally derived from a memorandum of law, dated July 8, 2018, that defense counsel Bryan Konoski, who replaced Davenport's trial counsel, submitted to Judge Biben of the New York Supreme Court. Doc. 4-1. That memorandum was filed on the record in this federal action by Ms. Baltimore as an exhibit to her July 20, 2025 motion for the immediate release of Davenport. Doc. 4.

[4] Neither of these state court filings are part of the record in this case.

On July 8, 2018, Konoski filed a memorandum of law in state court, as a supplement to the May 17 letter filed by the Legal Aid Society. *See* Doc. 4-1 at 2. Konoski requested that Davenport's indictment be dismissed in its entirety, and that he be promptly released from custody. *Id.* at 5. Konoski argued that, because the court found Davenport guilty of manslaughter in the first degree, it should never have rendered a verdict on manslaughter in the second degree—the lesser included offense. *Id.* He also argued that the court may not clarify, alter, change, or correct the verdict because it is a final verdict that was accepted by the court and recorded by the clerk. *Id.* at n.2, 5.

The record before the Court does not reflect whether this motion was ever resolved. However, in a prior federal action in this District before Judge Stanton, discussed below, Ms. Baltimore alleged that the motion was "ignored." *See Tracey Baltimore as Power of Attorney for Lamar Davenport v. Biben*, No. 25 Civ. 4701 (LLS), at Doc. 1 (S.D.N.Y. 2025).

On January 17, 2019, the court sentenced Davenport to a term of 20 years. *See People v. Davenport*, 187 N.Y.S.3d 226, 227 (1st Dep't 2023) (affirming the Supreme Court's finding and sentence), *leave to appeal denied*, 215 N.E.3d 1203 (2023).[5] Four years later, on April 25, 2023, Davenport's conviction was affirmed on appeal by the New York Appellate Division, First Department. *See Davenport*, 187 N.Y.S.3d. Leave to appeal from the First Department's decision was denied by the New York Court of Appeals on July 20, 2023. *People v. Davenport*, 215 N.E.3d 1203 (2023). Davenport is currently incarcerated at Sing Sing Correctional Facility. *See* Doc. 11.

---

[5] The First Department opinion states that Judge Biben's judgment convicting *and* sentencing Davenport was rendered on January 17, 2019. *Davenport*, 187 N.Y.S.3d at 227. However, based on Konoski's memorandum of law submitted in state court on July 8, 2018, as discussed previously, the verdict was initially rendered against Davenport on May 7, 2018. Doc. 4-1 at 2.

### B. The Federal Actions

On June 2, 2025, Ms. Baltimore filed a § 1983 action on behalf of her son in this District, alleging in part that Davenport's due process rights were violated by Judge Biben and the New York County District Attorneys' Office. *Biben*, No. 25 Civ. 4701 (LLS), at Doc. 1. Ms. Baltimore argued that Judge Biben had rendered a "repugnant verdict" in finding Davenport guilty of manslaughter in the first degree but not guilty of manslaughter in the second degree, and that the court ignored a formal memorandum from defense counsel identifying that "legal defect." *Id.* Ms. Baltimore also stated: "Plaintiff submitted multiple post-trial motions requesting emergency relief based on due process violations, evidence tampering, and judicial bias; these were systematically ignored." *Id.* Judge Stanton dismissed that federal action on the grounds that, as a non-attorney, Ms. Baltimore could not represent her son in a civil rights action, and she had not shown any reason why Davenport could not appear on his own behalf to prosecute a petition for a writ of *habeas corpus*. *Tracey Baltimore as Power of Attorney for Lamar Davenport v. Biben*, No. 25 Civ. 4701 (LLS), 2025 WL 1993695, at *2 (S.D.N.Y. July 15, 2025), *reconsideration denied sub nom. Baltimore v. Biben*, No. 25 Civ. 4701 (LLS), 2025 WL 2144765 (S.D.N.Y. July 28, 2025).

On July 17, 2025, two days after Judge Stanton's dismissal of her first federal action, but before the denial of reconsideration, Ms. Baltimore brought this second federal action, naming as defendants, among others, Judge Stanton, Judge Biben, as well as the District Attorney's Office of New York County ("DANY").[6] Docs. 1, 5. On July

---

[6] Ms. Baltimore also named as defendants Chief Southern District Judge Swain, the State of New York, and John and Jane Does 1-10. Doc. 1.

20, 2025, Ms. Baltimore filed an amended complaint, which alleged deprivation of civil rights pursuant to 42 U.S.C. § 1983; conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985, denial of due process and equal protection in violation of the United States Constitution, obstruction of justice pursuant to 18 U.S.C. § 1512, as well as common law torts of abuse of process, malicious prosecution, and intentional infliction of emotional distress.  Doc. 5.  Also on July 20, 2025, she filed an "emergency motion for immediate release" of Davenport, alleging that he is "being unlawfully detained pursuant to a repugnant verdict lacking legal basis, constitutional fairness, or evidentiary sufficiency."  Doc. 4 at 1.  On July 23, 2025, Ms. Baltimore submitted a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, identifying Davenport as petitioner, though only she signed the petition.  Doc. 10 (petition); *see also* Doc. 11 (affidavit in support thereto).

On September 16, 2025, Ms. Baltimore filed an emergency motion to subpoena communications of the named defendants.  Doc. 15.  On September 24, 2025, Ms. Baltimore filed an emergency motion to rule on the *habeas corpus* petition.  Doc. 17.

In a pre-motion conference, on October 10, 2025, the Court set the following briefing schedule for the DANY's proposed motion to dismiss:  motion due November 7, 2025; opposition due December 5, 2025; and reply due December 19; 2025.  Pursuant to that schedule, on November 7, 2025, DANY filed a motion to dismiss Ms. Baltimore's claims against them.  Docs 21–22.  Ms. Baltimore did not file her opposition by the December 5 deadline.  On January 12, 2026, the Court directed Ms. Baltimore to file an opposition by February 2, 2026, or the Court would consider the motions fully briefed.  Doc. 23.  To date, Ms. Baltimore has not done so.

On January 24, 2026, Ms. Baltimore filed four motions:  a motion for court-appointed investigation,  a motion to sanction the CIA deputy director; a motion to appoint counsel; and a motion for case reassignment.  Docs. 24–27.  On January 28, 2026, DANY filed a letter with the Court, requesting that the January 24, 2026, motions be stayed until the Court issued a decision on the pending motion to dismiss.  Doc. 28.

For the reasons set forth below, the Court denies Ms. Baltimore's two motions for the immediate release of Davenport and the *habeas corpus* petition.  The Court also stays Ms. Baltimore's motions for discovery, and denies her motions for sanctions, to appoint counsel, and for case reassignment.

## II.    DISCUSSION

### A.  Motions for the Release of Davenport

#### i.   Moving Party

"A *pro se* litigant's papers must be construed liberally 'to raise the strongest arguments they suggest.'" *Jules v. Andre Balazs Properties*, No. 20 Civ. 10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).  The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Department of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010).

As an initial matter, as she was previously advised in the case before Judge Stanton, Ms. Baltimore cannot file a lawsuit on behalf of Davenport because "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (internal quotation marks and citation omitted)).  Moreover, having power of

attorney authority does not enable one to represent another person in court. *See Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 302 (E.D.N.Y. 2009) (noting that "[b]oth federal and New York law 'prohibit[] the practice of law . . . on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar, *regardless of the authority purportedly conferred by execution of a power of attorney*.'" (emphasis added) (citing *In re Welsh*, 51 A.D.3d 1351 (3d Dep't 2008)); *see also Whitfield v. New York City Housing Authority*, No. 22 Civ. 3737 (LDH) (LB), 2023 WL 6385821, at n.2 (E.D.N.Y. Sept. 29, 2023) ("[A] non-attorney agent with power of attorney may not appear *pro se* on behalf of the principal.").

Davenport can appear in federal court on behalf of himself, *pro se*, or by an attorney representing him. *See Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) ("28 U.S.C. § 1654 provides . . . the parties may plead and conduct their own cases personally or by counsel . . . [and] has been interpreted to allow for two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" (citation omitted)); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Here, as Judge Stanton held in the prior federal action, Ms. Baltimore, "who is proceeding *pro se* and does not allege that she is a licensed attorney, cannot act on behalf of her adult son." *Biben*, 2025 WL 1993695, at *2. For this reason, the Court denies Ms. Baltimore's two motions for immediate release of Davenport and

her petition for a writ of *habeas corpus*, Doc. 4, 10, 17.[7]

### B. Discovery Motions

Ms. Baltimore has filed two motions that the Court construes as motions to compel various forms of discovery, an emergency motion to subpoena electronic communications, Doc. 15, and a motion for a court-appointed investigation, Doc. 24. Given DANY has a pending motion to dismiss the case, and there is no indication that the parties have begun discovery, the Court stays the discovery motions pending the resolution of the motion to dismiss. *See, e.g.*, *Brown v. City of New York*, No. 21CIV4632

---

[7] The Court notes that the *habeas corpus* petition for the release of Davenport may be refiled in two ways: (1) by Ms. Baltimore who must demonstrate that the requirements of the "next friend" doctrine are satisfied, or (2) by Mr. Davenport himself, either *pro se*, or with counsel, in a separate action.

With respect to the "next friend" doctrine, in certain circumstances, a non-petitioner can file a petition for the writ of *habeas corpus* on behalf of another individual. 28 U.S.C. § 2242. The non-petitioner, or the "next friend," must establish that they have a "significant relationship" with the petitioner such that they are "truly dedicated to [the petitioner's] best interests" and that the petitioner cannot appear on their own behalf, for instance because of "inaccessibility, mental incompetence, or other disability." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted).

If Ms. Baltimore or Davenport are to refile the petition, the Court provides the following guidance because it is apparent based on the record before the Court that they will need to address the following issues:

(1) they must demonstrate that they have "exhausted the remedies available to the courts of the State," prior to filing the federal writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1);

(2) because a writ of *habeas corpus* must be filed within one year of the dates specified in 28 U.S.C. § 2244(d)(1)(A)–(D), in order to be considered timely, Mr. Davenport's habeas petition must have been filed by October 18, 2024, because the judgment of conviction became final on October 18, 2023—90 days after the Court of Appeals denied his application for leave to appeal from the First Department's affirmance of his conviction on July 20, 2023. *People v. Davenport*, 215 N.E.3d 1203 (2023) (denying leave to appeal *People v. Davenport*, 187 N.Y.S.3d 226 (1st Dep't 2023)); see *Pizzuti v. United States*, No. 02 CR 1237 (LAP) (HBP), 2019 WL 10371606, at *11 (S.D.N.Y. Sept. 30, 2019), *R&R adopted*, No. 02 CR 1237 (LAP) (HBP), 2020 WL 5505384 (S.D.N.Y. Sept. 11, 2020) ("For the purposes of § 2255, 'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction,' ninety days after the Court of Appeals' determination."). However, this deadline may have been tolled, either if Davenport made additional post-conviction or collateral review filings prior to October 18, 2024, or if he can establish that he is entitled to equitable tolling as an exception to the time bar. *See* 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (citation omitted)).

(PGG) (SLC), 2021 WL 4554729, at *4 (S.D.N.Y. Oct. 5, 2021) ("[B]efore [the plaintiff] may seek judicial intervention in aid of discovery, the parties must confer on a discovery plan, [the plaintiff] must serve written discovery demands, and the parties must make good-faith efforts to resolve any disputes that may arise. To date, it appears that none of these steps have been taken. Accordingly, the Court denies [the plaintiff's] motion [to compel discovery] as premature") (internal citations omitted).

### C. Motion to Sanction CIA Deputy Director

Ms. Baltimore filed a motion to sanction CIA deputy director Michael Ellis as well as associated CIA and FBI units, seeking injunctive relief from various alleged unlawful actions.[8] Doc. 25. "Generally, the Court lacks authority to enjoin persons who are not a party to the litigation and 'over whom it has not acquired *in personam* jurisdiction.'" *Mattel, Inc. v. www.fisher-price.online*, No. 21-CV-9608 (LJL), 2022 WL 2801022, at *13 (S.D.N.Y. July 18, 2022) (citing 11A Wright & Miller, Federal Practice and Procedure § 2956 (3d ed. 2020)).[9] The CIA deputy director is not a party to this action, and therefore, the Court has no authority to issue an injunction against him. The Court denies the motion to sanction the CIA Deputy Director.

### D. Motion to Appoint Counsel

Ms. Baltimore filed a motion for the appointment of counsel. Doc. 26. Under *Hodge v. Police Officers*, courts have courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. 802 F.2d 58, 60 (2d Cir.

---

[8] Ms. Baltimore's motion seeks relief from: "judicial interference, murder, civil conspiracy, cyber crimes, mail fraud, forgery, fraudulent life insurance policies, theft and high powered electromagnetic weapons."

[9] While an exception to this rule exists, where the Court can enjoin individuals in "active concert and participation" with an enjoined defendant, there is no standing injunction in this case and no allegations that the Mr. Ellis is working in concert with any of the named defendants. *Id.*

1986).  Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).  In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61–62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.

In the instant case, Ms. Baltimore has not applied for leave to proceed *in forma pauperis*, nor does her motion indicate that she is not able to afford counsel of her own.[10] Accordingly, the Court denies her request to appoint counsel without prejudice.  If Ms. Baltimore chooses, she may apply to proceed *in forma pauperis*, and if the application is granted, she can file a renewed motion to appoint counsel which the Court will consider.

### E.  Motion for Case Reassignment

Ms. Baltimore also filed a motion for case reassignment to an "impartial judge." Doc. 27.  However, because her motion makes no credible allegations as to why this

---

[10] Her motion does state that she "lacks the ability and resources to litigate this case," however, that section is focused on Ms. Baltimore's lack of legal training, limited access to investigative resources, and the alleged factual and legal complexity of the case at issue.  *See* Doc. 26 at 3.  It does not mention her inability to pay for a lawyer.  *Id.*

Court cannot act impartially to adjudicate the matter, the Court denies this request. *Pasha v. New York State Department of Health*, No. 22-CV-3355 (ER), 2024 WL 2138048, at *1 (S.D.N.Y. May 13, 2024), *reconsideration denied*, No. 22-CV-3355 (ER), 2024 WL 4150343 (S.D.N.Y. Aug. 8, 2024), *and appeal dismissed*, No. 24-1420, 2025 WL 793274 (2d Cir. Jan. 28, 2025) ("Because [Plaintiff] does not present any credible allegations warranting case reassignment, this request is also denied.").

### III.    CONCLUSION

For the reasons set forth above, the two motions for the release are denied, the *habeas* petition is denied, the motions for discovery are stayed, the motion for sanctions is denied, the motion to appoint counsel is denied without prejudice, and her motion for case reassignment is denied. Docs. 4, 10, 15, 17, 24–27.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 4, 10, 15, 17, 24–27. The Clerk of Court is also directed to mail a copy of this order to Ms. Baltimore.

SO ORDERED.

Dated:    March 30, 2026
          New York, New York

_____

EDGARDO RAMOS, U.S.D.J.

11