UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACY L. BALTIMORE,

Plaintiff,

– *against* –

THE STATE OF NEW YORK, THE DISTRICT ATTORNEY'S OFFICE OF NEW YORK COUNTY, JUDGE ELLEN BIBEN, *in her official and individual capacities*, JUDGE LAURA TAYLOR SWAIN *in her official and individual capacities, and* JUDGE LOUIS L. STANTON, *in his official and individual capacities*,

Defendants.

**ORDER**

25 Civ. 5887 (ER)

Ramos, D.J.:

Tracy Baltimore, appearing *pro se*, alleges that Defendants individually and collectively conspired to deprive her, and her adult son, Lamar Davenport, who is incarcerated, of certain federal and civil rights. Doc. 5. Before the Court is Baltimore's motion for default judgment, Doc. 18, and the District Attorney's Office of New York County's ("DANY") motion to dismiss, Doc. 21.

For the reasons set forth below, DANY's motion to dismiss is granted and Baltimore's motion for default judgment is denied. Further, because the remaining defendants have immunity from Baltimore's claims, the remaining claims are also dismissed.

## I. BACKGROUND

On March 30, 2026, the Court issued an order resolving Baltimore's request for immediate release of Davenport who is incarcerated in Sing Sing Correctional Facility.

Doc. 29 (the "March Order"). In that order, the Court spent considerable time detailing the factual record. *Id.* The Court assumes familiarity with the background detailed in the March Order and only recounts the facts relevant to resolving the instant motion.

On May 7, 2018, Judge Biben of the Supreme Court of New York, rendered a verdict finding Davenport guilty of manslaughter in the first degree. *Id.* at 2–3. Despite a challenge to the verdict from Davenport's attorney, the court subsequently sentenced Davenport to a term of 20 years on January 17, 2019. *Id.* The conviction was affirmed by the New York Appellate Division, First Department on April 25, 2023, and leave to appeal the First Department's decision was denied by the New York Court of Appeals on July 20, 2023. *Id.* at 3.

On June 2, 2025, Baltimore filed a federal action on behalf of her son, alleging that his due process rights were violated by Judge Biben and DANY. *Id.* at 4. The case was initially assigned to Chief Judge Laura Taylor Swain, and then reassigned to Judge Louis Stanton. *See Baltimore v. Biben et al*, 25 Civ. 4701. Judge Stanton dismissed that action on the grounds that, as a non-attorney, Baltimore could not represent her son in a civil rights action, and she had not shown any reason why Davenport could not appear on his own behalf to prosecute a petition for a writ of *habeas corpus*. Doc. 29 at 4.

On July 17, 2025, Baltimore brought this second federal action, naming as defendants, Chief Judge Swain, Judge Stanton, Judge Biben, the State of New York, as well as DANY.[1] Docs. 1, 5. On July 20, 2025, Baltimore filed an amended complaint, which alleged a deprivation of civil rights pursuant to 42 U.S.C. § 1983; conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985, denial of due process and equal

[1] In her initial complaint, Baltimore also named John and Jane Does 1-10. Doc. 1.

protection in violation of the United States Constitution, obstruction of justice pursuant to 18 U.S.C. § 1512, as well as common law torts of abuse of process, malicious prosecution, and intentional infliction of emotional distress. Doc. 5.

With respect to the state court action, Baltimore alleges that Judge Biben ignored critical legal motions and tampered with evidence; that DANY leaked videos of Davenport to media sources; that false stories were provided to media sources who slandered Davenport and Baltimore; that court filings were used to defame Baltimore including portraying her in a racially discriminatory manner; and that attorney Corey Shoock of DANY threatened Baltimore. Doc. 5. With respect to the previous federal action, Baltimore alleges that Judge Swain delayed ruling on the case for over three weeks prior to "secretly" transferring the case to Judge Stanton; that Judge Stanton dismissed the case before officially being assigned; that both judges "misused" Baltimore's *in forma pauperis* status to block substantive legal review; that the Southern District of New York's Pro Se Office purposefully destroyed or failed to docket Baltimore's filings; that federal court employees improperly refused to notarize Baltimore's filings; and that Baltimore's PACER account was wrongfully blocked in retaliation. *Id.*

On July 20, 2025, Baltimore filed an "emergency motion for immediate release" of Davenport. Doc. 4 at 1. On July 23, 2025, Ms. Baltimore submitted a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, identifying Davenport as petitioner. Docs. 10, 11.

On September 24, 2025, Baltimore filed a motion for default judgment against Chief Judge Swain, Judge, Biben, Judge Stanton, and the State of New York for their

failure to respond to the petition for writ of *habeas corpus*. Doc. 18. Baltimore sought an entry of default judgment against those defendants and immediate releasee of Davenport. *Id*.

In a pre-motion conference on October 10, 2025, the Court set the following briefing schedule for the DANY's proposed motion to dismiss: motion due November 7, 2025; opposition due December 5, 2025; and reply due December 19, 2025. Pursuant to that schedule, on November 7, 2025, DANY filed a motion to dismiss Baltimore's claims against them. Docs. 21–22. DANY argues that it is a non-suable entity and therefore immune from Baltimore's claims and also that the amended complaint fails to state a claim. Doc. 21-2. Baltimore did not file her opposition by the December 5 deadline. On January 12, 2026, the Court directed Ms. Baltimore to file an opposition by February 2, 2026, or the Court would consider the motions fully briefed. Doc. 23.

On January 24, 2026, Baltimore filed four motions: a motion for court-appointed investigation, a motion to sanction the deputy director of the Central Intelligence Agency; a motion to appoint counsel; and a motion for case reassignment. Docs. 24–27. The Court resolved these motions, as well as Baltimore's petition for a writ of *habeas corpus*, on March 30, 2026. *See* Doc. 29. To date, Baltimore has not filed an opposition to DANY's motion to dismiss. Accordingly, the Court considers the motion fully briefed.

## II. LEGAL STANDARD

### a. Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs judgments against a party that fails to plead or otherwise defend itself in an action. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011). "Rule 55 requires the Clerk of

the Court, upon notification from the moving party, to note the default of the party failing to defend the suit. . . . Once the Clerk issues a certificate of default, the moving party may apply for entry of default judgment, pursuant to Rule 55(b)." *Capstone Cap. Grp., LLC v. Hahn*, No. 21-CV-1636 (PGG) (KHP), 2022 WL 2532449, at *3 (S.D.N.Y. Mar. 15, 2022).

**b. Motion to Dismiss**

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Koch v. Christie's International PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, the Court is not required to credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a 12(b)(6) motion to dismiss, a complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To do so, a plaintiff must allege facts sufficient to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 570 (indicating that if a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, the complaint must be dismissed").

"A *pro se* litigant's papers must be construed liberally 'to raise the strongest

arguments they suggest.'" *Jules v. Andre Balazs Properties*, No. 20 Civ. 10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Department of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010).

A plaintiff's failure to oppose a Rule 12(b)(6) motion "does not alone justify dismissal for failure to state a claim for relief." *Cagle v. Weill Cornell Medicine*, 680 F. Supp. 3d 428, 434 (S.D.N.Y. 2023). Instead, "[i]n deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* (internal quotations and citation omitted). While a party must "be given reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* (citation omitted).

## III. DISCUSSION

### A. Baltimore's Motion for Default Judgment

First, Baltimore's motion for default judgment is dismissed as moot. The motion pertained to Chief Judge Swain, Judge Biben, Judge Stanton, and the State of New York's failure to respond to Baltimore's petition for the writ of *habeas corpus*. *See* Doc. 18. However, the Court resolved the petition in its March Order. *See* Doc. 29.

Even if the Court were to construe the motion to pertain to the claims asserted in her amended complaint, Baltimore has not completed the required procedural steps for the Court to grant a motion for default juncture at this time. There is no record on the docket of executed service of summons as to Chief Judge Swain, Judge Biben, Judge

Stanton, or the State of New York; Baltimore has not requested a Clerk's certificate of default; nor has the Clerk's office issued a certificate of default.

**B. Claims against DANY**

DANY correctly argues that it is immune from liability on all of Baltimore's claims because DANY is a non-suable entity. "New York district attorneys' offices are considered non-suable entities because 'the office of the district attorney is not a legal entity distinct from the district attorney himself.'" *Bryan v. New York*, No. 14-CV-8305 (NSR), 2015 WL 4272054, at *3 (S.D.N.Y. July 13, 2015) (internal citations omitted) (collecting cases). Accordingly, Baltimore's claims against DANY are dismissed with prejudice.

**C. Claims against the State of New York**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . " *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted); *see also Caruso v. Zugibe*, 646 F. App'x 101, 104 (2d Cir. 2016).

"Courts have routinely held that New York has not waived, and Congress has not abrogated, sovereign immunity with respect to claims for constitutional violations under

Sections 1981, 1983, or 1985." *Murray v. Thomason*, No. 17 CV 7004 (VB), 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018). Further "Congress has not abrogated and New York has not waived immunity from suits arising from state-law claims." *Weaver v. New York State Office of Court Administration*, No. 22-CV-559 (BKS) (DJS), 2023 WL 2500390, at n.12 (N.D.N.Y. Mar. 14, 2023).

"The Court may *sua sponte* dismiss a claim on the ground of Eleventh Amendment immunity because it affects subject matter jurisdiction." *McCullough v. Burroughs*, No. 04 Civ. 3216 (FB) (LB), 2005 WL 3164248, at n.3 (E.D.N.Y. Nov. 29, 2005) (citing *Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir.1993))

Accordingly, Baltimore's constitutional violations under Sections 1983 and 1985, and her tort claims against the State of New York are dismissed.

Baltimore's only remaining claim is obstruction of justice pursuant to 18 U.S.C. § 1512. However, § 1512 does not provide a private right of action, and therefore the Court dismisses this claim against the State of New York as well. *Parrish*, *v. Sumitomo Mitsui Finance And Leasing Company et al*, No. 25 Civ. 4549 (MKV), 2026 WL 2168358, at *7 (S.D.N.Y. July 28, 2026) ("18 U.S.C. § 1512 is a criminal statute that provides no private right of action."); *see also Fair v. Verizon Communications Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015) ("Since plaintiff has asserted a cause of action under [a statute], which . . . provides no private right of action, her . . . claims must be dismissed for failure to state a claim.").

**D. Claims against Chief Judge Swain, Judge Biben, and Judge Stanton**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11–12; *see also Bliven*, 579 F.3d at 209–10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

"Where a defendant is absolutely immune from suit, the court will lack subject matter jurisdiction over the plaintiff's claim against that defendant, rendering the claim subject to dismissal under Rule 12(b)(1)." *Rivera v. Federal Bureau of Prisons*, No. 17CV05103 (GBD) (DF), 2018 WL 11312146, at *6 (S.D.N.Y. Dec. 14, 2018), *R & R adopted*, 368 F. Supp. 3d 741 (S.D.N.Y. 2019); *see also Federal Deposit Insurance Corp. v. Four Star Holding Co*., 178 F.3d 97, 100 n. 2 (2d Cir. 1999) ("[T]he Court may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding.")

Here, all of the alleged misconduct allegedly committed by Chief Judge Swain, Judge Biben, and Judge Stanton were within their judicial capacities. Therefore, they are afforded absolute immunity, and Baltimore's claims against them are dismissed.

### E. Leave to Amend

To the extent that Baltimore wishes to name the City of New York as a defendant,

the Court grants her leave to file a second amended complaint within 30 days. However, the Court notes that the allegations in Baltimore's amended complaint are currently insufficient to state a claim against the City of New York, because Baltimore pleads no existence of a custom or policy to support her Section 1983 or 1985 claims, nor does she plead that she served a notice of claim required for her tort claims.

If Baltimore chooses to replead her Section 1983 or 1985 claims against the City of New York, it is not enough for Baltimore to allege that City employees were involved in wrongdoing. Instead, Baltimore must "allege facts showing (1) the existence of [a City] policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights." *Middleton v. Lincoln Medical Center et al*, 24 Civ. 8216 (Doc. 5) (citing *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)); *see also Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (applying the requirements for municipality liability under § 1983 to § 1985 claims).

Further, with respect to Baltimore's tort claims, "New York law provides that no tort action shall be prosecuted or maintained against a municipality or any of its officers, agents, or employees unless: (1) a notice of claim has been served against the municipality; (2) the municipality has refused adjustment or payment of the claim; and (3) the action is commenced within one year and ninety days after the event upon which the claim is based occurred." *Liverpool v. City of New York*, No. 20-CV-04629 (ALC), 2023 WL 2746124, at *5 (S.D.N.Y. Mar. 31, 2023) (internal citations and quotations omitted). "The plaintiff must plead in the complaint that they served the notice of claim." *Id.*

## IV. CONCLUSION

For the reasons set forth above, Baltimore's motion for default judgment is denied, DANY's motion to dismiss is granted, and further the claims against the State of New York, Chief Judge Swain, Judge Biben, and Judge Stanton are dismissed *sua sponte*. Baltimore is granted leave to file a second amended complaint by September 11, 2026. If she fails to file a second amended complaint by September 11, 2026, the case will be closed.

The Clerk of Court is respectfully directed to terminate defendants DANY, State of New York, Chief Judge Swain, Judge Biben, and Judge Stanton, and to terminate the motions, Docs. 18, 21, 22.

SO ORDERED.

Dated: August 10, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.