UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACY L. BALTIMORE,

Plaintiff,

– *against* –

THE DISTRICT ATTORNEY'S OFFICE OF MANHATTAN COUNTY, GOOGLE LLC, ALPHA KAPPA ALPHA SORORITY INC., APPLE INC., AMAZON LLC, MICHAEL ELLIS, *in his official and individual capacities*, UNKNOWN CIA OFFICIALS AND AGENTS 1-200, *and* UNKNOWN FBI OFFICIALS AND AGENTS 1-200,

Defendants.

**ORDER**

25 Civ. 5887 (ER)

Ramos, D.J.:

Tracy Baltimore, appearing *pro se*, filed a second amended complaint ("SAC") on August 21, 2026 seeking emergency injunctive relief. Doc. 32. Baltimore claims that Defendants have committed judicial interference, murder, civil conspiracy, cyber crimes, mail fraud, forgery, insurance fraud, theft, and illegally operated "High Powered Electromagnetic Weapons." Doc. 32 at 2. Baltimore alleges that defendants formed a RICO enterprise, engaged in a pattern of racketeering activity, and conspired to commit tortious interference, attempted murder, fraud, and mail fraud. *Id.* at 4–5. For the reasons set forth below, the SAC is dismissed in full.

Baltimore's previous complaint alleged that the previous set of defendants – the State of New York, the District Attorney's Office of New York County ("DANY"), Judge Ellen Biben, Judge Laura Taylor Swain, and Judge Louis L. Stanton – individually and

collectively conspired to deprive her, and her adult son, Lamar Davenport, who is incarcerated, of certain federal and civil rights. Doc. 5.

In an order dated March 30, 2026, the Court resolved Baltimore's request for immediate release of Davenport and spent considerable time detailing the factual record. Doc. 29 (the "March Order"). The Court assumes familiarity with the background detailed in the March Order. *Id.* In an order dated August 11, 2026, the Court granted a motion to dismiss by the District Attorney's Office of New York County ("DANY") dismissing all of Baltimore's claims. Doc. 30 (the "August Order"). The Court similarly assumes familiarity with the August Order. *Id.* The August Order granted Baltimore leave to amend her claims only to the extent she wished to name the City of New York as a defendant. *Id.* at 9–11. In the August Order, the Court also set forth the allegations that Baltimore was required to include in the complaint to adequately plead a § 1983 or § 1985 claim. *Id.*

Here, the SAC exceeds the scope of the Court's prior leave to amend. The SAC does not name the City of New York, but the "District Attorney's Office of Manhattan County."[1] *Id.* at 1. The Court previously dismissed Baltimore's claims against DANY because it is a non-suable entity.[2] Doc. 30 at 7. The Court again dismisses the claims against DANY. The SAC also names various new defendants: the CIA Deputy Director, Michael Ellis, in his official and private capacity; unknown CIA officials and agents; unknown FBI officials and agents, Google LLC, Alpha Kappa Alpha Sorority Inc., Apple

[1] The Court construes Baltimore's reference to "Manhattan County" to mean New York County.

[2] "New York district attorneys' offices are considered non-suable entities because 'the office of the district attorney is not a legal entity distinct from the district attorney himself.'" *Bryan v. New York*, No. 14-CV-8305 (NSR), 2015 WL 4272054, at *3 (S.D.N.Y. July 13, 2015) (internal citations omitted) (collecting cases). To the extent Baltimore intended to reference some other county, it remains the case that a New York district attorney's office is a non-suable entity.

Inc., and Amazon LLC.[3] *Id.* at 1. The claims against the new defendants in the SAC are entirely distinct from the claims alleged in Baltimore's prior filings.[4]

"District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order). Dismissals on this basis are within the district court's discretion. *Id.*; *Cummings v. City of New York*, No. 19 Civ. 7723, 2021 WL 1163654, at *3 (S.D.N.Y. Mar. 26, 2021) (striking *sua sponte* new claims that exceeded the scope of leave to amend pursuant to Federal Rule of Civil Procedure 12(f)). "Instances where dismissal is appropriate include when a party asserts new claims or adds a new party outside the scope of leave given by the Court." *Hubbuch v. Capital One, N.A.*, 25 Civ. 406 (VSB) (RWL), 2026 WL 691261, at *6 (S.D.N.Y. Feb. 10, 2026) (internal citations omitted). Dismissal on this basis does not prejudice a plaintiff's ability to assert the new claims in a separate action. *See Singleton v. City of New York*, No. 21 Civ. 2919 (LTS), 2021 WL 5180158, at *2 (S.D.N.Y. Nov. 5, 2021).

In granting leave to amend, the Court was specific: Baltimore was granted leave to amend the complaint to the extent she wished to name the City of New York as a defendant. Doc. 30. Baltimore failed to do so. Instead, the SAC is akin to a new lawsuit alleging new claims against new defendants. *See Roosevelt Road Re, Ltd. v. Subin*, No.

---

[3] While Baltimore names Apple, no allegations against it, or actions by it, are discussed in the SAC.

[4] Baltimore's initial complaint alleged violations of 42 U.S.C. §§ 1983, 1985, the Fifth and Fourteenth Amendments, 18 U.S.C. § 1512, and state torts. Doc. 1. Baltimore's first amended complaint alleged violations of the Eighth and Fourteenth Amendment, 42 U.S.C. § 1985, malicious judicial misconduct, and abuse of judicial discretion. Doc. 5.

24 Civ. 5033 (HG), 2025 WL 3049937, at *3 (E.D.N.Y. Sept. 16, 2025), *aff'd sub nom. Roosevelt Road Re, Ltd v. Subin*, No. 25-2560, 2026 WL 2108399 (2d Cir. July 22, 2026). If Baltimore intends to pursue the new claims, she can file a separate action.

Therefore, the Court dismisses the SAC *sua sponte*. This action is dismissed without leave to amend and without prejudice to assertion in a separate action. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 20, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.